UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERETTA BURNETT,

       Plaintiff,                           No. 20-12413

v.                                         District Judge David M. Lawson
                                               Magistrate Judge R. Steven Whalen

LOREATHA McGEE, CHRISTOPHER
BURNETT, LaDARIUS BURNETT-
SANFORD, ELIZAH DAVIS-BURNETT,
FARRAD AL-KINDI, WILLIAM BARR,
MATTHEW J. SCHNEIDER, FEDERAL
BUREAU OF INVESTIGATION, DEPT.
OF HEALTH AND HUMAN SERVICES,
CITY OF HIGHLAND PARK, JAMES
McGINNIS, DETROIT PUBLIC SCHOOL
HEADQUARTERS, DANA NESSEL, and
LAW OFFICES OF CHRISTOPHER
TRAINOR AND ASSOCIATES,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 28, 2020, Plaintiff Veretta Burnett filed a *pro se* civil complaint [ECF No. 1], along with an application to proceed without paying fees or costs (*in forma pauperis,* or "IFP") [ECF No. 2]. By separate order, I have granted her petition to proceed IFP. The case has also been referred to me for screening under 42 U.S.C. § 1915(e)(2)(B), which, as a dispositive matter, requires me to proceed by Report and

-1-

Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Court *sua sponte* dismiss the complaint because it fails to state a claim and is frivolous.

## I.   STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2)(B) provides as follows where a plaintiff has been granted leave to proceed IFP:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)), the Sixth Circuit held:

> "Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed."

A complaint fails to state a claim where, accepting the Plaintiff's factual allegations as true, it does not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court in *Iqbal* described the concept of plausibility as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While *pro se* complaints are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must nevertheless satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Having been granted IFP status, Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is 216 pages long, and it's narrative can most charitably be described as fanciful. While I will not detail all of Plaintiff's statements, many of which are difficult to follow, here is a representative sample:

-Attorney Shaw Cabot (who is employed by the Law Offices of Christopher Trainor and Associates) told Plaintiff in the children's room of the Detroit Public Library that he was going to lie to a federal judge, and that he had been wearing the same suit for seven years. *Complaint*, ECF No. 1, PageID.3.

-There are two Osama Bin Ladens, one of whom apparently poses as Aaron Labarrie, who are alive in Plaintiff's apartment. *Id.*, PageID.5

-Plaintiff was arrested for drug paraphernalia in 2002. *Id*., PageID.6.

-In 2002, Kim Jong Un was held in a secret detention facility in an abandoned McDonalds restaurant in Detroit. *Id*., PageID.13.

-The Wayne County Department of Health and Human Services negligently removed Plaintiff's children from her custody. *Id*., PageID.79.

-Plaintiff has worked with Hamid Karzi at his Boss Boost Mobile store in Pontiac. Hamid Karzi knew that Plaintiff found Osama Bin Laden Nos. 1 and 2 alive in the United States. *Id*. PageID.80.

-The City of Highland Park has allowed Kim Jong Un to operate a nail shop on Woodward Avenue. *Id*., PageID.94.

And so on. Of course, the statements deriving from world events and the theories that various players such as Kim Jong Un and Osama bin Laden are living and working in the United States are frivolous on their face. Moreover, even if these statements were true, they are not connected to any federally recognizable claim for relief.

On the other hand, Plaintiff refers to an alleged assault by Highland Park police officer Sgt. Stevenson. *Id.*, PageID.94, as well as to actions of attorney Shawn Cabot. So Plaintiff does at least mention that she suffered excessive force at the hands of the Highland Park police. She also mentions attorney Shawn Cabot, the Christopher Trainor law firm, and Judge Marianne Battani. These assertions are clearly related to a previous lawsuit the Plaintiff filed in 2009, based on events that were alleged to have occurred in

November of 2007. *See Burnett v. City of Highland Park and Brenda Stevenson*, E.D. Mich. No. 09-14238. In that case, Judge Battani dismissed the case on October 25, 2012, based on notification that the case had settled. *Id*., ECF No. 87. Five years later, on July 27, 2017, Plaintiff filed an 88-page motion to reopen the case. *Id*. ECF No. 88. Judge Battani denied the motion on September 1, 2017, noting that the majority of Plaintiff's allegations had nothing to do with the 2009 lawsuit, and those allegations that did could not support reopening the case under Fed.R.Civ,P. 60(b). *Id*. ECF No. 89, PageID. 1572-1573.

On January 16, 2018, The Sixth Circuit denied Plaintiff's application to proceed IFP, finding that the Plaintiff "does not have a non-frivolous argument that the district court erred in denying her motion for relief from judgment," and added, "While Burnett does argue that her attorney withheld probative evidence and misled her to settle the dispute instead of proceeding to trial, these allegations do not constitute extraordinary circumstances justifying the reopening of a final judgment." The Court denied IFP "[b]ecause Burnett seeks review of frivolous issues." *Id.,* ECF No. 96, PageID.1634. On April 17, 2018, the Sixth Circuit affirmed Judge Battani's denial of the Rule 60(b) motion. *Id*., ECF No. 96, PageID.1636-1637.

Undeterred, on August 31, 2020, Plaintiff filed yet another motion to reopen the 2009 case on August 31, 2020. *Id*., ECF No. 98. Judge Battani denied that motion on September 3, 2020. *Id*, ECF No. 99.

Again, the allegations regarding Plaintiff's relationship to various international personages are frivolous, and must be dismissed. In addition, her allegations connected to the 2009 case have been rejected by both Judge Battani (twice) and the Sixth Circuit. She settled that case in 2012, and it cannot be revisited in the guise of a separate lawsuit. Moreover, any claims arising out of the actions of Plaintiff's attorney in 2009 or 2012 would be barred by the statute of limitations. And in any event, she has not articulated any federally cognizable claim against her attorney.

Finally, Plaintiff alludes to negligence on the part of the Wayne County in removing her children from her custody. Apart from the fact that this bare-bones allegation is unaccompanied by any facts that would support a plausible claim under *Iqbal*, this Court does not have subject matter jurisdiction to hear a state law claim of negligence.

### III. CONCLUSION

I recommend that the Court *sua sponte* dismiss this complaint under 42 U.S.C. § 1915(e)(2)(B).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: September 16, 2020    s/R. Steven Whalen
                            R. Steven Whalen
                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2020 electronically and/or by U.S. mail.

                            s/Carolyn M. Ciesla
                            Case Manager